Thomas James LOVELADY *v.* STATE of Arkansas

CR 96-259                                                917 S.W.2d 549

Supreme Court of Arkansas
Opinion delivered March 25, 1996

*Christopher Carter*, Baxter County Public Defender, for appellant.

No response.

PER CURIAM. This motion is filed by Christopher Carter of the Baxter County Public Defender's Office. He was appointed to represent Thomas James Lovelady on a charge of rape. On September 18, 1995, Lovelady was convicted and sentenced to forty years imprisonment. A timely notice of appeal was filed.

On January 8, 1996, the Baxter County Circuit Court set Lovelady's appeal bond at $50,000. The next day, Lovelady posted the bond, which he had obtained through First Arkansas Bail Bonds, Inc. On February 28, 1996, Christopher Carter filed a partial record with this court, and filed his motion asking to be relieved as counsel. He asserts that Lovelady's posting of a $50,000 bond indicates that he is not indigent and therefore not entitled to the services of the public defender's office.

Arkansas Code Annotated § 16-87-113(a)(1) (Supp. 1995) provides as follows:

> Any person charged with a criminal offense desiring to obtain the services of a public defender shall affirm in writing that he is without funds or assets with which to employ private counsel and that he has not been released on money bail in an amount greater than fifteen thousand dollars ($15,000) pursuant to the execution of an unsecured or secured bond.

The movant contends that, because Lovelady has been released on bail in an amount greater than $15,000, he can no longer utilize the services of the public defender. Arkansas Code Annotated § 16-87-113(b) (Supp. 1995) contemplates the situation in which an accused posts a bond in an amount greater than $15,000 *after* the public defender has been appointed:

If a public defender is appointed and the indigent person is later released on money bail in an amount greater than fifteen thousand dollars ($15,000) pursuant to the execution of an unsecured or secured bond, then the court may hold a hearing to determine if the person is still eligible and entitled to the services of a public defender.

If the court determines that the person is ineligible and not entitled to the services of a public defender, then the court may release the public defender as attorney of record.

■   Pursuant to this statute, we remand the case to the trial court for a hearing to determine if Lovelady is still eligible and entitled to the services of the public defender.